﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190913-31067
DATE: March 31, 2020

ORDER

Entitlement to an effective date prior to March 1, 2015 for the grant of individual unemployability is denied.

FINDING OF FACT

Entitlement to an earlier effective date prior to March 1, 2015 for the grant of individual unemployability is denied. 

CONCLUSION OF LAW

The criteria for entitlement to an effective date prior to March 1, 2015 for the grant of individual unemployability have not been met. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from February 1974 to January 1975.

The Veteran appealed a May 2016 rating decision which awarded TDIU and assigned the effective date he is challenging. The Veteran initiated an appeal as to the effective date assigned in July 2016.

In December 2018, the Veteran opted into VA’s RAMP program in order to have all of the above claim adjudicated under the provisions of the Appeals Modernization Act. He elected higher supplemental claim of the issue. In a February 2019 rating action, the AOJ denied an earlier effective date for the matter at hand. The Veteran thereafter elected to appeal the matters to the Board under the Direct Review lane. The Board is honoring the Veteran’s election to opt into the RAMP program.

Under governing law, the effective date for a grant of compensation will be the day following separation from active service, or the date entitlement arose if a claim is received within one year after separation from service. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400(b)(2)(i). Otherwise, the effective date is the date of receipt of claim or date entitlement arose, whichever is later. Id. As relevant herein, a claim or application is a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p). Unless specifically provided, the effective date will be assigned on the basis of the facts as found. 38 C.F.R. § 3.400(a). 

1. Entitlement to an effective date prior to March 1, 2015 for the grant of individual unemployability is denied.

The Veteran asserts that the effective date for the grant of TDIU should be November 2014. In a May 2016 rating decision, the RO granted entitlement to TDIU and assigned an effective date of March 1, 2015, the date the Veteran met the schedular requirements for this benefit.

A review of the record shows that the Veteran filed a claim for entitlement to TDIU in March 2016. The Veteran has asserted that the effective date for the award of TDIU should be November 4, 2014, the date Dr. W. O., an orthopedic surgeon at the Asheville VAMC, indicated the Veteran’s bilateral knee replacements and left hip were so painful that the physician suspected the Veteran would be unable to return to work due to the chronic pain and he would be 100% disabled due to the conditions. The Board notes that the Veteran had left knee total replacement in February 2013 and right knee total replacement in January 2014. The Veteran is not service connected for a left hip disability. 

An earlier effective date of November 4, 2014 is not warranted for several reasons. First, the Board notes that the November 4, 2014 statement from the Veteran’s orthopedic surgeon was written during a period when the Veteran was in receipt of a 100 percent disability rating for right total knee replacement with scar. Second, the orthopedic surgeon provided a speculative opinion on employability that included an assessment of the Veteran’s left hip pain which the Veteran is not service connected for. Lastly, the opinion was made based on the status of the Veteran’s knee disabilities at that time and not following full recovery and the end of the Veteran’s 13-month post right knee replacement surgery. 

The Veteran has also asserted, in a November 2018 correspondence from his representative, that the effective date for TDIU should be February 26, 2010, the effective date for the award of service connection for osteoarthritis of the left and right knee. Each knee was assigned a 10 percent rating. The Veteran states that his claim should have been referred to the Director of Compensation and Pension Service for extra-schedular consideration. This assertion by the Veteran is based on a statement made by the Veteran at a December 2010 VA joints examination that he was laid off from his job as a truck driver because he could not work due to his knees. The Board notes that in February 2010, the Veteran did not meet the schedular requirements for TDIU as his combined evaluation was 20 percent. The question of an extra-schedular rating is a component of a claim for an increased rating. See Bagwell v. Brown, 9 Vet. App. 337, 339 (1996). Other than the Veteran’s statement that he was laid off due to his knees, there is no other evidence in the claims file that suggests that the Veteran was unemployable due to his service-connected knee disabilities, and the Veteran has not submitted any. The December 2014 rating decision that granted service connection for right and left knee osteoarthritis was a claim for service connection, not a claim for an increased rating. 

Significantly, the Veteran stated on his February 2015 claim for a TDIU that he last worked full-time on October 31, 2014. Thus, to grant a TDIU prior to this date would be inappropriate.

As discussed above, an award of service connection is effective as of the date a claim is received, or the date entitlement arose, whichever is later. See 38 C.F.R. § 3.400 (b)(2). In this case, the Veteran filed a claim for TDIU which was granted in a May 2016 rating decision. The effective date was assigned back to March 1, 2015, the date the Veteran met the schedular requirements. Accordingly, the Board finds that an effective date prior to March 1, 2015 for the award of TDIU is not warranted. Thus, the appeal must be denied. Id.

 

 

R. Erdheim 

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Mitchell, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.